JOEL W. HAMILTON v. GEORGE E. FROTHINGHAM.

*Agency—Fixed compensation excludes opinions of witnesses as to proper com-*
*mission—Declaration—Statute of frauds—Revocation of agency.*

1. Where the fact of an alleged agency is in dispute and the testimony
   on both sides shows that if such relation existed, the agent's com-
   pensation was a fixed sum, and the agency limited to the sale of
   specified property, the opinions of witnesses as to what commission
   and compensation would be proper, in such a case, to allow a land
   broker, are irrelevant, and as such testimony showed that the price
   the agent claims he was to receive was very much in excess of any
   usual commission, such price must be based on an express contract
   for the breach of which damages could not be recovered under the
   common counts.

2. An agreement to pay compensation to an agent for the sale of per-
   sonal property, graduated by the price obtained from a third person,
   on such sale, is not an agreement for the sale of chattels and need
   not be in writing.

3. Such an employment could be revoked and the revocation could not
   be complained of, unless colorable and unfair, and unless the new
   bargain made by the principal came within the same substantial
   terms which would have entitled the agent to compensation under
   the old agreement.    Even then the remedy would not be on a *quan-*
   *tum meruit* for services, whatever it might be as to expenditures made
   in the service.

Error to Washtenaw. (Jennison, J.) Argued January 6, 1886. Decided January 20, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Noah W. Cheever* and *Charles R. Whitman,* for appellant:

The contract should be specially set out in the declaration : *Kalamazoo N. M. Works v. Macalister,* 40 Mich. 89 ; *Butterfield v. Seligman,* 17 Mich. 95.

The contract was for the sale by the defendant to the plaintiff of goods, wares or merchandise for the price of more than fifty dollars, was within the statute of frauds and nothing was done to take it out from under said statute. It is therefore void and cannot be used as the foundation of any legal or equitable right. [Citing numerous authorities which are omitted because the court held that the alleged contract *did not* fall within the statute.—REPORTER.]

As to termination of plaintiff's agency, see *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378 ; *Wylie v. Marine National Bank,* 61 N. Y. 415 ; *White v. Twitchings,* 26 Hun (N. Y.) 503 ; *Chandler v. Sutton,* 5 Daily (N. Y.) 112 ; *Ward v. Fletcher,* 124 Mass. 224; *Uphoff v. Ulrich,* 2 Ill. App. 399 ; Wharton on Agency, § 330.

*John F. Lawrence* and *E. D. Kinne,* for plaintiff :

The jury having found the existence of the special contract fixing plaintiff's compensation, the testimony as to the reasonable value of plaintiff's services had no bearing in the case and could not possibly injure the defendant.

It is elementary law that when a contract has been executed and nothing remains to be done but the payment of the money by the defendant, the plaintiff may declare generally, using the common counts: 2 Greenl. on Ev., § 104 ; *Pippin v. Morehouse,* 50 Mich. 539, and cases cited.

CAMPBELL, C. J. Plaintiff sued defendant for services in a sale of a printing establishment at Ann Arbor. The claim which was presented was that defendant agreed to give plaintiff all that he should receive beyond $8,000, and that the property was sold for the sum of $9,000. The facts show that on the final arrangement a sale was made for a consideration which included some lands in Minnesota, which

were called by the purchaser as worth $4,000, and which at that rate would bring the whole price up to $9,000. The parties are directly at issue upon the fact of any agency of plaintiff by defendant's employment in this sale, as well as to several of the more important facts bearing on the merits of the case. The action was on the common counts, and the bill of particulars has not been furnished us, so that we cannot very well pass on some questions which appear to have arisen.

From the testimony on both sides, it appears that, if there was any employment at all, it was for so much as exceeded $8,000 on the sale. There was no testimony tending to prove an agency without fixed compensation, or an agency to do anything but to sell the property. A very large part of the testimony consisted of opinions of witnesses as to what commissions and compensation would be proper in such a case to a land broker, and all of this was erroneously admitted. It was not only irrelevant, but it showed that the price which plaintiff claims he was to receive was very much beyond any usual commission, and could not be based on anything but an express contract. In the absence of the bill of particulars, we are unable to say whether the claim set out in it was or was not one which should have been declared on specially; but it is clear that damages for preventing plaintiff from carrying out an express contract could not be recovered under the common counts. And we do not see on what basis there could be any estimate of the value of services in introducing a purchaser with whom defendant made his own terms, which could be sued for on a *quantum meruit.* All of this part of the case, and the instructions allowing such an inquiry, must be regarded as involving error.

The objection that the agreement with plaintiff was void under the statute of frauds does not strike us as well taken under his testimony. There was some evidence tending to show previous propositions under which plaintiff would have been interested in the purchase, which would perhaps have come within the rule requiring written evidence of

sales of personalty beyond fifty dollars. But the agreement to pay compensation graduated by the price obtained from a third person is not an agreement for the sale of chattels, and need not be in writing. So far as we can infer from the testimony, we have very great doubt whether there was enough to go to the jury indicating that defendant ever made any promise to allow plaintiff the excess over $8,000 upon any but a sale on a cash basis. Plaintiff's statements on this subject do not make this out very definitely; but it is, in our opinion, under his testimony, open to defendant to show that the value which was estimated at $4,000 for the Minnesota lands was beyond the true value. The record is in some confusion as to whether the arrangement made with Kittridge by defendant was not so entirely variant as to the subject-matter, as well as price of the sale originally proposed to Hamilton, as to furnish no basis for compensation on the express agreement. Such an employment could unquestionably be revoked, and the revocation could not be complained of, unless colorable and unfair, and unless the new bargain was such as came within the same substantial terms which would have entitled to compensation under the old; and in such case the remedy would not be on a *quantum meruit* for services, whatever may be the case as to expenditures made in the service.

The record contains so much uncertainty, and difficulty of comprehension, that we have deemed it best to pass upon the leading questions without discussing the minor details.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.