## JOHN T. MONTAGUE, Respondent, *v.* GEORGE Mc-CARROLL, Appellant.

Assignment of Soldier's Scrip Before Entry—Homestead Act —Power of Attorney Coupled With an Interest—Revocation.

Plaintiff's grantor received an irrevocable power of attorney for the consideration of five dollars, paid him to enter land on soldier's scrip, under section 2306, Rev. St. U. S., and he was irrevocably vested with power to grant, bargain, sell, release, and convey the same to a purchaser, and deliver a deed of conveyance thereof. The maker of the power of attorney forever renounced all right in and to revoke any of said powers, or to appoint any other person to execute or revoke the power, and forever renounced all right on his part to do what the attorney was authorized to do, and released to the attorney all claims to any proceeds of the land when sold, ratifying all acts of the attorney in conveying and retaining the proceeds of the land when sold. Before the conveyance of the land to plaintiff, this power of attorney was revoked, and the land sold to defendant's grantor. *Held,* that the plaintiff's grantor had a right to convey the land under the power of attorney, that the power of attorney was given for a valuable consideration, coupled with an interest, and was irrevocable.

(No. 797.  Decided June 18, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. J. A. Street, *Judge.*

Action by John A. Montague against George McCarroll. From a judgment for plaintiff, defendant appeals. *Affirmed.*

This action was brought to quiet title to 20 acres of land, which plaintiff claimed to own. Defendant denied

the allegations of the complaint, alleged that he was in possession, and entitled to the possession, of the land through his grantor and his predecessors in interest, and that they had been in open, notorious, adverse possession thereof since 1875. Defendant also filed his cross complaint, claiming the fee in the land, and claimed title thereto through Hankammer, the patentee, etc. It appears that on October 12, 1875, Adolph Hankammer and wife made and delivered to Joseph C. Hemingray the following power of attorney: "Know all men by these presents, that Adolph Hankammer and Mina Hankammer, his wife, of the county of Waubaunse, in the state of Kansas, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, Joseph C. Hemingray, of the county of Salt Lake, territory of Utah, our true and lawful attorney for us, and in our name, place, and stead, to enter into and upon, and take possession of, any and all pieces and parcels of land, or the timber or materials thereon, in the territory of Utah, and in any state or territory of the United States, which we now own, or which we may hereafter become seised of, or in which we now or hereafter be in any way interested, under the homestead act of June 8, 1872, or the amendment thereto of March 3, 1873, granting additional land to soldiers and sailors who served in the war of the late Rebellion, being the following described land situated in the county of Salt Lake, and territory of Utah, to wit: N. ½ N. E. ¼, and S. W. ¼ and N. E. ¼, section 22, township 1 south, of range 1 east, Salt Lake meridian, county of Salt Lake, and territory of Utah; and that we further authorize and empower our said attorney, Joseph C. Hemingray, to grant, bargain, sell, lease, convey, and confirm said land, or any part thereof, or the right to sever or remove timber and other materials whatsoever

therefrom, to such person or persons, and for such prices, as to our said attorney shall seem meet and proper, and thereupon to execute, acknowledge, and deliver, in our name and in our behalf, any deeds, leases, contracts, or other instruments, sealed or unsealed, and with or without covenants and warranty, as to him shall seem meet to carry out the foregoing powers; with full power to our said attorney to appoint a substitute or substitutes to perform any of the acts which our said attorney is by this instrument authorized to perform, hereby giving and granting to our said attorney and his substitutes full power to do and perform everything proper and convenient in carrying out and executing said powers as fully as we could do if personally present and acting on the premises. And in consideration of five dollars to us in hand paid by our said attorney at the ensealing hereof, the receipt whereof we do hereby acknowledge, we do further appoint and ordain that our said attorney is hereby irrevocably vested with the powers above granted, and we do further forever renounce all right to revoke any of said powers, or to appoint any person, other than our said attorney to execute the same, and forever renounce all rights on our parts personally to do any of the acts which our said attorney is hereby authorized to perform, and do hereby release unto our said attorney all our claims to any of the proceeds of any sale, lease, or contract . relative to said land or timber, or material thereon. And we hereby revoke all power of attorney heretofore made, authorizing any person to do any act relative to any part of said lands, hereby ratifying and confirming whatever Joseph C. Hemingray, our attorney in fact, or any substitute appointed by him, may do in the premises by virtue thereof. In witness whereof, we have hereunto set our hands and seals, this 12th day of

October A. D., 1875." Said power of attorney was recorded April 27, 1877, in Book B, page 303. On the 3d day of November, 1876, the United States issued its patent to the locus to Adolph Hankammer. The patent is in regular form, and is issued on homestead certificate No. 498. On the 23d of April, 1891, the plaintiff received a quitclaim deed for the locus from Adolph Hankammer and Mina Hankammer, his wife, through Joseph C. Hemingray, attorney in fact, acting under and through the above power of attorney. The defendant offered in evidence a deed to the same property, dated November 1, 1890, from Adolph Hankammer and Mina Hankammer, his wife, to John J. Ryan. This deed was recorded November 22, 1890. It contains the following clause: "We revoke the power of attorney held by Joseph C. Hemingray, recorded in Book B, page 303." Ryan conveyed the property to defendant. On the 26th day of November, 1890, Adolph Hankammer revoked the power of attorney given to Joseph C. Hemingray. This revocation was recorded December 2, 1890. It was stipulated by counsel that there had never been any occupation and actual possession of the property in dispute by either party to the suit or their predecessors in interest. No taxes were attempted to be assessed against the property until 1887. The defendant claims that the power of attorney was revocable, and had been revoked by Hankammer.

*Frank Pierce*, for appellant.

The interest must be in the subject matter itself, the land, and not in the proceeds to arise from the execution of the power, that is the proceeds of the land. *Hunt* v. *Rousmanier*, 8 Wheat 204; Mechem on Agency, sec. 207; *Barr* v. *Schroeder*, 32 Cal. 609–618; *Walker* v. *Dennison*, 86 Ill. 142; *Frink* v. *Roe*, 70 Cal. 297–309–10; Look at the

15 UTAH—21

cases given in I. A. & E. Enc. 446, note 2; *Hunt* v. *Rousmanier*, 8 Wheat 147, there was an interest as security. In *Walker* v. *Dennison*, 86 Ill. 142, held to be revocable because agent had interest in proceeds only. In *Guthrie* v. *Wabash Ry. Co.*, 40 Ill. 109, the court treated the consideration expressed in the power as the purchase money for the subject of the action. If the power is revoked when the principal agrees not to revoke it, he is liable in damages. There is a vast difference between the power to revoke and the right to revoke. *Parke* v. *Frank*, 75 Cal. 364–368; Mechem on Agency, secs. 614, 209; Waterman on Specific Performance, sec. 33.

Instances of irrevocable powers: Mechem on Agency, sec. 206. Disposition of subject matter revokes the power: Mechem on Agency, sec. 220; *Bissell* v. *Terry*, 69 Ill. 184.

*S. H. Lewis* and *James A. Williams*, for respondent.

MINER, J. (after stating the facts):

The question presented is whether the power of attorney could be and was revoked by Hankammer. In *Montague* v. *McCarroll*, 10 Utah 22, this court held that the right given by section 2306, Rev. St. U. S., to a soldier who had theretofore entered under the homestead laws less than 160 acres of land, to enter enough more to make up 160 acres, is assignable before entry, there being no restriction in the homestead law. In *Knight* v. *Leary*, 54 Wis. 459, it is held that a conveyance before patent, under a power similar to that in question in this case, of land entered under section 2306, was sufficient to convey the title, and was valid against the assignor, his heirs and assigns. In *Barnes* v. *Poirier*, 12 C. C. A. 9, the court sustained the same doctrine, holding a power of attorney made by a soldier similar to the one in this case was an assignment

of his right before entry, and that there was nothing in the statute prohibiting such assignment. In *Webster* v. *Luther*, 163 U. S. 331, the supreme court held to the same doctrine, quoting with approval the decision of Judge Sanborn in the case of *Barnes* v. *Poirier*, 12 C. C. A. 9, in which Judge Sanborn said: "The beneficiary was left free to select this additional land from any portion of the vast public domain described in the act, and free to apply it to any beneficial use that he chose. It was an unfettered gift, in the nature of compensation for past services. It vested a property right in the donee. The presumption is that congress intended to make this right as valuable as possible. Its real value was measured by the price that could be obtained by its sale. The assignment before entry of the right to this additional land, granted by section 2306, Rev. St., contravenes no public policy of the nation, violates no statute, and is valid as against the assignor, his heirs and assigns."

Adolph Hankammer, owning the right to enter land under section 2306, Rev. St., made an irrevocable power of attorney to Hemingray to enter upon and take possession of the land in question, and in consideration of five dollars, paid by the attorney, he was irrevocably vested with power to grant, bargain, sell, lease, convey, and confirm the same to the purchaser, and deliver a deed of conveyance thereof. Hankammer forever renounced all right in, and to revoke, any of said powers, or to appoint any other person to execute the same, and forever renounced all right on his part to do what the attorney was authorized to do, and released to the attorney all claims to any of the proceeds of sale, and ratified the acts of the attorney as absolute, both in conveying and retaining the proceeds of the sale of the land. This power of attorney not only carried with it an assignment of the interest of

Hankammer in the land to Hemingray, but vested in him the legal right to convey the title. It was a power coupled with an interest. It was valid as against Hankammer, his heirs, assigns, and grantees. The proceeds of the sale of the land were vested in the attorney, and renounced by the principal. In consideration of five dollars, paid to Hankammer by Hemingray, Hankammer expressly renounced not only the proceeds of the sale of the land, but all power and authority over the property, expressly confirming what should be done by the attorney, and made the act irrevocable. This power was irrevocably vested in the attorney until exercised. The power was exercised when the conveyance was made to the plaintiff. By that act and deed all right, title, and interest in the property was vested in Montague. The conveyance by Hankammer to the defendant's predecessor in interest, as well as the attempted revocation of the power of attorney to Hemingray, were inoperative and ineffectual either to pass the title or revoke the power. Hankammer had parted with his interest before he executed the deed to Ryan, through whom the defendant obtained title, and he had no power to revoke the authority embraced in the power of attorney.

While a power of attorney, by its terms, may be expressly declared to be irrevocable, yet if the agent has no interest in its execution, and there is no valid consideration for it, it is treated as a mere nude pact, and is deemed in law to be revocable, upon the general principle that he alone who has an interest in the execution of an act is also entitled to control it. But, where the power is coupled with an interest, or where it is given for a valuable consideration, unless there is an express stipulation that it shall be revocable, it is from its character, in contemplation of law, irrevocable, whether terms expressly

making it so are expressed in it or not.    In this case the power became a part of the contract, coupled with a valid consideration.    It therefore became irrevocable, and the attempted revocation, as well as the deeds to those through whom defendant derived his title, are wholly insufficient to vest any title in the defendant.    Mechem, Ag. §§ 205, 206; Story, Ag. § 477; *Hunt* v. *Rousmanier's Adm'rs*, 8 Wheat. 173; *Barnes* v. *Poirier*, 12 C. C. A. 9; *Webster* v. *Luther*, 163 U. S. 331.

The court below held correctly that the legal title to the property was vested in the plaintiff.    This conclusion being reached, it is unnecessary to discuss any other errors.

The judgment of the district court is affirmed, with costs.

BARTCH, J., and HILES, District Judge, concur.