L. E. ANDERSON, *Appellant*, v. CLINTON SHAFFER, *Appellee*.

No. 17,568.

### SYLLABUS BY THE COURT.

1. AGENCY—*To Sell Real Estate—Revocation—Damages.* As between the principal and the agent, an agency given to a real-estate dealer to find a purchaser for a tract of land at a stipulated price may be revoked at any time.

2. ———— *Same.* Whether the agent is entitled to recover damages by reason of the revocation depends upon whether the agent, after he is given the agency and before the revocation thereof, has commenced negotiations with a prospective purchaser who is able and willing to buy the land at the stipulated price.

Appeal from Shawnee district court. Opinion filed June 8, 1912. Affirmed.

*W. R. Hazen,* and *H. Ward Page,* for the appellant.

*Joseph G. Waters,* and *John C. Waters,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover a commission for selling real estate. Judgment was rendered for the defendant and the plaintiff appeals.

It is conceded that at some time after the appellant

had been engaged to sell the property for the appellee, the appellee called appellant by telephone and said to him in regard to the proposed sale: "Do not close the deal until I see you." The appellant insists that this was after he had found a purchaser. The appellee says it was on the day previous thereto and on the very day he gave the appellant the agency to sell; that the agency was revoked or suspended at the time the appellant claims to have found a purchaser.

No transcript of the evidence had been brought up, but the findings, which are unchallenged, determine this fact in favor of the appellee. Among others, the following questions were submitted. to the jury and answers returned:

."Q. 5. Did the defendant on October 29th, 1909, verbally authorize plaintiff to procure a purchaser for defendant's farm at the price of $100.00 per acre? A. Yes.

"Q. 13. In the conversation between plaintiff and defendant on Friday evening, October 29th, 1909, did the defendant say to plaintiff over the phone 'do not close the deal until I see you'? A. Yes."

It is trite law that as between the principal and the agent the principal may revoke the authority of his agent at any time, the principal being liable to the agent for any proper damages the agent has suffered by reason thereof. In this case the burden was upon the appellant to show that he had suffered damages by reason of the revocation of the agency, and his only contention in support thereof is that prior to the revocation he had found a purchaser able and willing to buy the land at the stipulated price. The agency was given on Friday, October 29, 1909, and the contention of the appellant is that he found a purchaser on the Saturday following and that the revocation was subsequent. The finding of the jury (question 13 and answer, *supra*) is therefore fatal to the appellant's claim.

The contention of the appellant that the court erred in placing upon him the burden of proving that he

found a purchaser before the revocation of the agency, even if correct, which we do not think it is, would not justify a reversal of the judgment here.

The judgment is affirmed.