JAMES BALLWEBER and George A. Edgerton, Copartners, Doing Business under the Firm Name and Style of Ballweber & Edgerton v. GEORGE A. KERN and W. A. Hart.

(164 N. W. 272.)

Action — trial of — uncertainty of issues — pleadings — evidence — new issues — case remanded — to lower court — for retrial — supreme court — power to so act — merits — ends of justice.

Where, in the trial of an action by the trial court, the issues formed by the pleadings are uncertain, or, if in the course of the trial the issues become uncertain by introduction of testimony of other causes of action than those alleged in the complaint, and there are no instructions of the court concerning the new issues in the case, and the case by reason thereof becomes so involved that it is practically impossible to discern what really were the issues in the case, and where it is impossible to determine what issues were presented to the jury and what were passed upon by them, upon an appeal from the judgment in such case, this court, in the exercise of its inherent power, may return such case to the trial court for a new trial, with instructions that the issues be more clearly and definitely formed and defined, to the end that the case may be tried upon its merits upon issues definitely formed.

Opinion filed July 21, 1917.   Rehearing denied August 23, 1917.

Appeal from the District Court of Golden Valley County, *W. C. Crawford,* Judge.

Reversed.

*F. C. Heffron* and *Albert H. Hall,* for appellants.

When one desirous of selling or trading lands secures the services of a broker by promise of a commission, and such broker procures a purchaser to whom such sale is made, he must pay such broker his

commission regardless of whether the actual sale was finally consummated by the broker, or whether the principal took the matter out of the hands of the broker and made sale himself. Northern Immigration Asso. v. Alger, 27 N. D. 467, 147 N. W. 100; Gibson v. Hunt, — Iowa, —, 94 N. W. 277; Reishus-Remer Land Co. v. Benner, 91 Minn. 401, 98 N. W. 186; Hoadley v. Savings Bank, 44 L.R.A. 321 and notes, 71 Conn. 599, 42 Atl. 667; Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426.

The principal cannot so deprive the broker of his commissions. 4 Am. & Eng. Enc. Law, 979, 980.

"After a broker has commenced negotiations for the sale of property, the owner cannot take the matter into his own hands and complete it, either at the price limited or at a less price, and refuse to pay the commissions. Chilton v. Butler, 1 E. D. Smith, 150.

One who destroys evidence in his possession favorable to the other party is presumed to have done so because its introduction into court would be against him. 16 Cyc. 1058.

*R. F. Gallagher* and *Keohane & Jones* for respondents.

Fundamentally it is the duty of the court to correct its orders when they have been made under mistake or inadvertence, and this right to do so has always been recognized. United States v. Young, 94 U. S. 259, 24 L. ed. 153.

An order granting a new trial is an appealable order. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419.

Where the trial court makes its order improperly denying a motion, such court, on proper application, may review its former order; and if it finds that such original order was entered through mistake or inadvertence, it may correct the same by its further order conforming to the true situation. Clein v. Wandschneider, 14 Wash. 257, 44 Pac. 272; Burnham v. Spokane, Mercantile Co. 18 Wash. 207, 51 Pac. 363; Odd Fellows' Sav. Bank v. Deuprey, 66 Cal. 170, 4 Pac. 1173; Morris v. DeCelis, 41 Cal. 331; Hall v. Polack, 42 Cal. 218; Crosby v. North Bonanza Silver Mill. Co. 23 Nev. 70, 42 Pac. 583.

The general rule here is that where a motion for a new trial has been granted, the court has power to vacate the order granting the motion,

and to enter its order denying the motion, where the showing of mistake, fraud, or inadvertence satisfies the court that an injustice has been done. Grantham v. United States, 28 Ct. Cl. 528; Dawson v. Wisner, 11 Iowa, 6; Com. v. Miller, 6 Dana, 315; 29 Cyc. 1028; Beckett v. Northwestern Masonic Aid Asso. 67 Minn. 298, 69 N. W. 923; Spalding v. Meier, 40 Mo. 176; Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073; Snow v. Vandeveer, 33 Neb. 735, 51 N. W. 127; Bishop v. Kingston Gas & E. Co. 147 App. Div. 920, 131 N. Y. Supp. 1039; Douglass v. Seiferd, 18 Misc. 188, 41 N. Y. Supp. 289; Herzig v. Metzger, 62 How. Pr. 355; Newell v. Wheeler, 4 Robt. 190; Magnus v. Buffalo R. Co. 24 App. Div. 449, 48 N. Y. Supp. 490; Fry v. Bennett, 4 Duer, 651; Bloomingdale v. Steubing, 10 Misc. 229, 30 N. Y. Supp. 1056; Stierle v. Union R. Co. 11 Misc. 124, 31 N. Y. Supp. 1008; Van Gelder v. Hallenbeck, 49 Hun, 612, 15 N. Y. Civ. Proc. Rep. 333, 2 N. Y. Supp. 252; Coffield v. Warren, 72 N. C. 223; Huber Mfg. Co. v. Sweny, 57 Ohio St. 169, 48 N. E. 879; Hume v. John B. Hood Camp Confederate Veterans, — Tex. Civ. App. —, 69 S. W. 643; Watson v. Williamson, — Tex. Civ. App. —, 76 S. W. 793; Rhea v. Gibson, 10 Gratt. 215; Loveland v. Rand, 200 Mass. 143, 85 N. E. 948; Luke v. Coleman, Ann. Cas. 1913B, 485, note; Bishop v. Kingston Gas & E. Co. 147 App. Div. 920, 131 N. Y. Supp. 1039.

The power at subsequent terms to vacate an order granting a new trial has been sustained. Evans v. Freeman, 149 Fed. 1020, 86 C. C. A. 216, 159 Fed. 26; 17 Am. & Eng. Enc. Law, 2d ed. 813; Comp. Laws 1913, § 7350.

The rule established in this state is that the granting or refusing of a new trial is solely within the sound, judicial discretion of the trial court, and its decision will not be disturbed except for a clear abuse of that discretion. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; State v. Howser, 12 N. D. 495, 98 N. W. 352; Galvin v. Tibbs, 17 N. D. 600, 119 N. W. 39; St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 432, 153 N. W. 416; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419.

"While it may be difficult to define exactly what is meant by abuse of discretion and whatever it may imply as to the disposition and

motives of the trial judge, it is fairly deducible from the cases that one of the essential attributes is that it must plainly appear to effect injustice." Clavey v. Lord, 87 Cal. 413, 25 Pac. 493, 4 C. J. 836, 837.

GRACE, J. The action is one by plaintiffs, land brokers, for the recovery of commissions from the defendants for the alleged procuring of purchasers for two certain sections of land in Billings county, state of North Dakota, which the defendants had authority to sell, and which plaintiffs allege the defendants agreed to sell to plaintiffs or any purchaser for such land produced by plaintiffs for the sum of $13,800, plaintiffs to have for their commission all they could sell such land for in excess of $13,800. Plaintiffs allege that on or about the 15th day of June, 1912, plaintiffs produced and tendered to the defendants a purchaser ready, able, and willing to purchase said real estate upon the terms required by said contract, and who agreed to pay the sum of $19,200 for said real estate. That said defendants refused to carry out said contract with the plaintiffs, to the plaintiffs' damage in the sum of $5,400.

The answer makes, first, a general denial; and, second, that on or about the 5th day of June, 1912, the defendants in all things revoked and rescinded the authority of the plaintiffs in said contract set forth in said complaint.

The facts in the case are as follows: In the years 1911 and 1912 plaintiffs were real estate brokers living in Minneapolis. Defendant Kern was cashier in a bank at Sentinel Butte, North Dakota, during the year 1911 and until about July 1, 1912. The defendant Hart during said time was a commercial traveler living at Sentinel Butte, North Dakota, and was engaged with Kern to some extent in the real estate business. The amount of land involved, the selling for which commission is demanded, is two sections of land in Billings county, North Dakota. It was owned, not by the defendants, but by some person residing out of the state, the net selling price for which the defendants should account to him being $10 per acre. If such land was sold by the plaintiffs for excess over $10 per acre, the defendants were to have as their commission $1,000, and the plaintiffs to have all

over $10 per acre plus the $1,000 commission to the defendants, as their commission for procuring a purchaser for such land. About May 1, 1912, one of the plaintiffs, Edgerton, brought one Joseph Huber to Sentinel Butte, and together with the defendant Kern looked over the land. No sale was perfected at this time. On June 4, 1912, Ballweber, Huber, and one Dr. Taylor left Minneapolis on a land-buying trip, Dr. Taylor going to Montana, the plaintiff Ballweber and Huber stopping at Sentinel Butte on June 6th, when the land was gone over by Huber, Kern, and Ballweber. Huber did not complete the purchase of the land that day, and returned on the night of June 6th to Minneapolis with Ballweber. The land was sold to the Hubers by the defendants, no notice of such sale being given to the plaintiffs.

The matters involved in this case are considerably involved and difficult of analysis, for the reason that to some extent there is uncertainty as to the issues of the case, and uncertainty as to whether the plaintiffs by their complaint intended to allege a cause of action only concerning the selling of the land in question to one Dr. Taylor, or whether the complaint was broad enough to admit testimony concerning the sale of the land to the Hubers also. The uncertainty of the issues is but little clarified by the bill of particulars, for which demand was made of the plaintiffs by the defendants in the course of such action. A copy of such bill of particulars furnished the defendants by the plaintiffs is as follows:

To the above-named defendants: In compliance with your demand for a bill of particulars, you are hereby advised that the name of the purchaser alleged in the complaint to have been produced by plaintiffs and ready, able, and willing to purchase the real estate described in the complaint upon the terms therein set forth, is Dr. E. A. Taylor, residing at Racine, Wisconsin. You are further advised that the purchaser to whom defendants sold such land in violation of the contract with plaintiffs, to wit, Joseph Huber and Paul Huber, were purchasers procured by and through plaintiffs, all of which facts defendants at all times had full knowledge.

F. C. Heffron,
A. H. Hall,
                    Attorneys for Plaintiffs.

An inspection of such bill of particulars discloses that the purchaser referred to in the complaint was Dr. E. A. Taylor. The bill of particulars so states. The bill of particulars, so far as it refers to the Hubers, simply calls the attention of the defendants to the fact that the defendants sold to the Hubers in violation of the contract with the plaintiffs, and that the Hubers were purchasers procured by and through the plaintiffs, of which facts the defendants had full knowledge; but the bill of particulars does not claim that the action is being maintained to recover for commissions on land sold to the Hubers by the defendants, neither does the complaint allege a cause of action for recovery of commissions by reason of land sold to the Hubers.

The answer would seem to be in fairly good form, containing, firstly, a general denial; and, secondly, an allegation of the revocation and rescinding of the authority of the plaintiffs under the alleged contract. The court, however, in instructing the jury, based its instructions, not upon the revocation or rescinding of the authority of the agent, but based its instructions upon, and applied them to, a rescission of the contract, and not to the revocation of the authority of the agent. The case involves only the law of agency and is to be governed by the law of agency, and is not governed by the law of rescission of contracts as generally understood, the question presented really being a revocation of agency, and not rescission of contract, except as the word "rescission" may be used in connection with the word "revocation," in revoking the authority of the agent. The appellants' 6th, 7th, and 8th assignments of error are as follows:

"6th. The district court erred in instructing the jury at the trial of this case as follows: 'If you believe from the evidence and by a fair preponderance that the defendants rescinded the contract and notified the plaintiffs, either orally or in writing, of the limitations upon which this contract would remain in existence, and the plaintiffs were made aware of these conditions, and the conditions expired prior to the 15th day of June, then such acts would amount to a rescission of the contract, and the plaintiffs would not be entitled to recover in the action.' 7th. The district court erred in instructing the jury at the trial of this case as follows: 'If there was no rescission, as the court has defined it, to you on or before the 15th day of June, then you will have to determine whether or not these plaintiffs procured a purchaser able and willing

to purchase the land at profit to the plaintiffs.'    8th. The district cou1. erred in instructing the jury at the trial of this case as follows: 'Did the defendants rescind the contract prior to the 15th day of June? Did they notify the plaintiffs of the time in which they had to comply with these conditions? and upon their failure to comply with the conditions within that time, then all the agreements were off.    If you believe that this was called to their attention and they assented thereto, then there would be such rescission that plaintiffs would not be entitled to recover by reason of the failure to comply with these conditions, because a rescission of the contract amounts to a nullifying of the conditions of the contract, and after such rescission the terms of that contract are not binding upon the defendants or binding upon the parties.    Then, if you determine there was a rescission prior to the 15th day of June, 1912, your verdict should be for the defendants."

The issue presented by the answer of the defendants was not a rescission of the contract, but a revocation and rescission of the authority of the agent.    A material part of the instructions of the court would appear to be directed and expressed upon a subject which was not part of the defendant's answer nor within the issues of the case, and caused the jury to consider a subject which was not involved in the case, which was prejudicial to the right of the plaintiffs in the action, and which we hold amounted to reversible error.

The testimony shows that the plaintiffs, at their own expense in time and money, procured and brought to defendants the Hubers as customers and purchasers for the land in question, and at a time long prior to the date upon which the defendants claim they revoked the authority of the plaintiffs to sell such land. If this be true, and if the plaintiffs were the procuring cause of such purchasers, that is, if they procured them and brought them to the defendants for the purpose of purchasing such land, and they did, even after the alleged time of revocation, if any, of the agency in question purchase such land, the plaintiffs having been the procuring cause of the sale of such land, the defendants after such purchasers had been procured and brought to them by the plaintiffs could not defeat plaintiffs' right to the agreed compensation or commissions by a revocation of authority after the bringing of such purchasers, and for this additional reason the court's instructions referred to were prejudicial to the rights of the plaintiffs

and constituted reversible error.   In order that when the case is retried the issues assume a more definite form and the law of the case be more clear, we will refer to some of the more important principles of law applicable to the questions under consideration in this case.

The plaintiffs, if they are entitled to recover at all in this case, are entitled to recover either for a sale of such land made to Dr. Taylor or to the Hubers.   If they show themselves entitled to recover, in any event, they can recover but one commission.   If the sale was made to Dr. Taylor through the plaintiffs procuring and bringing him to the defendants as a purchaser for such land before the plaintiffs' authority to sell such land was revoked, if there were any revocation of the agency, and he was able, ready, and willing to purchase such land upon the terms stated to plaintiffs by the defendants, then the plaintiffs would be entitled to recover whatever amount of commissions or compensation they can show themselves entitled to under the terms of their contract of agency with the defendants.   If they should recover their commissions by reason of any sale to Dr. Taylor, then the plaintiffs could recover no additional commission so far as the sale to the Hubers is concerned.   But if the plaintiffs fail in showing that they made a sale of such land to Dr. Taylor as aforesaid, and they can show that they found the Hubers as purchasers, and brought them to defendants for the purpose of purchasing the land in question at a time prior to the alleged or actual revocation of the agency, and the Hubers were persons able, ready, and willing to buy the land in question upon the terms of the contract of agency, and the defendants did conclude a sale of such land with the Hubers, the plaintiffs would be entitled to recover whatever compensation they can show themselves entitled to under the contract by reason of such sale to the Hubers, whether such sale to them was completed either before or after the alleged or actual revocation of the agency.

The principal as a general rule of law has power to revoke the authority of his agent at his pleasure with or without reason.   This is true even where the agency is a sole and exclusive one.   There are, however, several well-defined exceptions to this general rule, among which may be mentioned a contract of agency which is based upon a valuable consideration.   McMahan v. Burns, 216 Pa. 448, 65 Atl. 806; Montague v. McCarroll, 15 Utah, 318, 49 Pac. 418.

Again, the power of the agency may not be revoked at the will of the principal where there is a power of attorney stipulating that such agency shall continue for a definite time, or that it is irrevocable.  31 Cyc. at page 1296 sets forth the main divisions of these exceptions to the general rule, and there are others besides these.  The first one is: An authority conferred for a valuable consideration cannot be revoked by the principal alone, in the absence of a stipulation of revocability, unless the consideration fails.  And, again, if the authority granted constitutes part of a security or is necessary to effectuate a security, the power cannot be revoked by the act of the principal alone in the absence of a stipulation of revocability.  And again, such authority cannot be revoked if coupled with an interest in the subject-matter of the agency, unless there is a stipulation of revocability.  The general rules of agency, as well as the exceptions, apply to contracts made with brokers for the sale of real estate.  Where one places property in the hands of a broker or agent for sale, even though he gives him an exclusive right to sell, if no definite time is fixed in the contract, and the broker has no interest in the property itself, the principal may revoke the authority of the agent at any time before a sale of the property is made.  Dreyfus v. Richardson, 20 Cal. App. 800, 130 Pac. 161; Anderson v. Shaffer, 87 Kan. 346, 124 Pac. 423; Wright v. Waite, 126 Minn. 115, 148 N. W. 50; Green v. Cole, 103 Mo. 70, 15 S. W. 317; Newman v. Dunleavy, 51 Mont. 149, 149 Pac. 970.  The revocation of authority, if any, must be made before services have been rendered or expense incurred, otherwise the agent is entitled to reimbursement, unless the terms of the agreement imply otherwise.  Hale v. Kumler, 29 C. C. A. 67, 54 U. S. App. 685, 85 Fed. 161.  Revocation of an agent's authority, without liability for damages, is not permitted, and is unfair where the revocation was for the purpose of enabling the owner of the property to avoid paying the agent's commission for selling it, by making a sale of it himself on substantially the same terms which would have enabled the agent to claim a commission. Black, Rescission of Contracts, § 335; Hamilton v. Frothingham, 59 Mich. 253, 26 N. W. 486; Sibbald v. Bethlehem Iron Co. 83 N. Y. 378, 38 Am. Rep. 441; Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884; Sixta v. Ontonagon Valley Land Co. 157 Wis. 293, 147 N. W. 1042.

Upon a consideration of the 8th assignment of error where, in the instructions of law to the jury the following language is used: "Then, if you determine there was a rescission prior to the 15th day of June, 1912, your verdict should be for the defendants," we are of the opinion that such instruction amounts to the directing of a verdict for the defendants; and that the language of such instruction, including the directing of the verdict for the defendants, is reversible error, for the reason that the revocation of the authority of the agents might have been made prior to the 15th day of June, 1912, and nevertheless the plaintiffs might be in position to recover damages against the defendants. The Hubers were procured by the plaintiffs and brought as purchasers to the defendants during the very first part of May, 1912. It follows, therefore, that the agency might have been terminated prior to the 15th day of June, 1912, and yet the plaintiffs be in position to maintain an action for damages against the defendants for their commissions for land sold to purchasers procured by the plaintiffs and furnished to the defendants long prior to the 15th day of June, and prior to the time when any revocation of authority may have been made. If the plaintiffs did furnish any such purchasers, able, ready, and willing to buy the land of the defendants and to whom defendants did sell land, if the furnishing of such purchasers occurred prior to the revocation of the agency, even if such revocation of the agency was prior to the 15th day of June, the plaintiffs have a cause of action against the defendants for whatever commissions or compensation they may show themselves entitled to by reason of any sales of land made to the purchasers to whom the land was sold, procured by them, and brought to the defendants. Where one procures the services of a broker for the purpose of selling land, and the broker procures a purchaser to whom sale is made, the broker has earned his commission or compensation even if the principal took the matter out of the broker's hands and made the sale himself. Northern Immigration Asso. v. Alger, 27 N. D. 467, 147 N. W. 100; Gibson v. Hunt, — Iowa, —, 94 N. W. 277; Reishus-Remer Land Co. v. Benner, 91 Minn. 401, 98 N. W. 186.

There is also another appeal pending now in this court between the same parties, wherein the plaintiffs appealed from an order of the district court vacating its order granting the plaintiffs a new trial for

reasons which were set forth in the motion for such new trial in the court below, and which reasons afterwards ceased to exist. It is not necessary to go into details as to what the motion for new trial was about. It is sufficient to say that it concerned the loss or misplacement of some exhibits which were finally found. The misplacement and disappearance of these exhibits being the main ground for the motion for new trial, and having been found, the court vacated its former order granting a new trial. And this case, a new trial having been granted, disposes of the necessity of considering the appeal from the order of the district court vacating its order granting a new trial upon the motion for a new trial hereinbefore referred to.

On the retrial of this case, the issues should be definitely and clearly joined on whatever causes of action the plaintiffs may have or claim to have against the defendants, to the end that the case may be fairly and fully tried and determined as to all the issues involved, and in order that the jury may have a clear understanding of just what issues of fact are presented to them. For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for retrial.

CHRISTIANSON, J. (concurring specially). I concur in the conclusions reached by Mr. Justice Grace, on both appeals in this case. I am not prepared to say that all the instructions referred to in his opinion are necessarily erroneous; but a consideration of the entire record, including the evidence introduced, instructions given, and the verdict returned, leads me to the conclusion that the ends of justice require that a new trial be had.

ROBINSON, J. (dissenting). In this case the plaintiffs bring suit to recover $5,400, as commission on the sale of two sections of land, and they appeal from a verdict and judgment and an order denying a motion for a new trial.

The complaint avers that the defendants agreed to sell to plaintiffs, or any purchaser by them produced, the two sections for the sum of $13,800, and to allow the plaintiffs, as a commission, any sum that they might obtain for the land in excess of $13,800; also, that on June 15, 1912, the plaintiffs produced a purchaser able and willing to pay $19,-200; and that the defendants refused to sell the land.

The answer is: (1) A general denial; (2) that on June 5, 1912, the alleged contract of sale was revoked.

From letters and oral testimony it appears that the defendant Kern was a cashier at Sentinel Butte, and that he and the defendant Hart had a side business as real estate brokers; that the two sections in question were listed with them for sale. They made an oral agreement with the plaintiffs, who resided at Minneapolis, to save them a commission in case they found a purchaser for the land. The claim of the plaintiffs is that the owner of the land was to have $10 an acre net, and the defendants to have $1,000 as commission, and that the plaintiffs were to have as commission the excess of the sale price. Also, that about May 1, 1912, the plaintiff Edgerton went to Sentinel Butte with Joseph Huber and showed him the land; notified defendant Kern that if Huber did not take the land the plaintiffs had other customers who would take it, and on June 4, 1912, the plaintiff Edgerton, Joseph Huber, and Dr. Taylor left Minneapolis on a land-buying trip, and they stopped off at Sentinel Butte, and on June 6th they again looked over the land. Then it was claimed that while in Butte defendant Kern made a secret offer to Huber to sell him the land for $12 an acre; that on his way home Dr. Taylor stopped at Minneapolis and bargained with the plaintiffs for the two sections at $15 an acre, and notice by telegram was given defendants.

The motion for a new trial is based on alleged errors in the instructions to the jury and on surprise at the trial. The surprise is based on the fact that the defendants did not bring with them and produce in evidence on the trial correspondence with Huber in regard to the sale of the land to him; but there is no showing that defendants were under obligation to produce the letters, and hence there was no occasion for any surprise; and in regard to the instructions to the jury, they were based on the pleadings and issues. The complaint states a claim for $5,400 by reason of an alleged contract of sale made by the plaintiffs on July 15th. There was no claim made under any other sale. The charge of the court was correctly given in regard to the sale as alleged in the complaint, and the rescission and the sale contract by the parties.

The plaintiffs claim that the court erred by failing to instruct the jury in regard to their right to recover by reason of a sale made by the defendants themselves to Joseph Huber. The answer to that is that they did not request any such instructions and the complaint made no

claim to recover on a sale to Joseph Huber. The plaintiffs elected to base their claim on a sale contract, promising a commission for three times as much as the sale to Huber. They did not choose to make or to urge a claim to the lesser commission, as it would have lessened their claim to recover the greater commission. Had the court volunteered to do it for them, they might have assigned it as error. On the issues as presented, the plaintiffs had a fair trial. The verdict is sustained by the evidence and the judgment should be affirmed.