Pope v. Benster.

Rehearing of case reported in 38 Neb., 552.

*Charles B. Keller*, for plaintiff in error.

*W. J. Connell* and *E. J. Cornish*, contra.

---

James H. Pope v. Joshua G. Benster.

Filed October 16, 1894.   No. 5528.

1. **Execution After Payment of Judgment:** Sale of Land: Remedy of Owner. Where the owner of a judgment which has, to his knowledge, been paid, but which has not been satisfied of record, and which judgment remains an apparent lien upon the real estate of another person, causes an execution to be issued on said judgment, the real estate, upon which it is an apparent lien, to be levied upon and sold, such sale to be confirmed, and a conveyance therefor to be executed and delivered to the purchaser at such execution sale, and accepts the proceeds of such sale, the owner of the real estate so sold may treat such sale as void and recover the land, or he may, at his election, waive the invalidity of the sale, and sue the owner of such judgment for the value of the real estate.

2. **Damages:** Wrongful Sale of Land. In such action the measure of damages of the real estate owner is the fair market

value of his interest in the real estate at the time of the sale thereof on execution.

3. **Estoppel:** VALIDITY OF EXECUTION SALE AFTER PAYMENT OF JUDGMENT. In such an action the owner of the judgment is estopped from asserting, as a defense thereto, that such execution sale and the proceedings subsequent thereto were void.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

The facts are stated by the commissioner.

*John Patterson,* for plaintiff in error:

Where a judgment has been satisfied, no valid sale can be made under an execution issued thereon. The defendant in error cannot, therefore, recover. (*King v. Goodwin,* 16 Mass., 63; *Wood v. Colvin,* 2 Hill [N. Y.], 566; *Sherman v. Boyce,* 15 Johns. [N. Y.], 443; *Jackson v. Anderson,* 4 Wend. [N. Y.], 474; *Lewis v. Palmer,* 6 Wend. [N. Y.], 367; *McGuinty v. Herrick,* 5 Wend. [N. Y.], 240; *Swan v. Saddlemire,* 8 Wend. [N. Y.], 676; Rorer, Judicial Sales, pp. 344–346; Murfree, Sheriffs, sec. 990; *Ferrier v. Deutchman,* 12 N. E. Rep. [Ind.], 497.)

*J. C. Martin* and *Albert & Reeder, contra.*

RAGAN, C.

Joshua G. Benster brought this suit in the district court of Merrick county against James H. Pope, alleging in his petition, in substance, that on January 23, 1886, D. Martin & Co. recovered a judgment against one Phœbe Asher and another in the county court of Merrick county; that Martin & Co. duly sold and assigned said judgment to one John A. Carley; that Carley, in the year 1887, caused a duly certified transcript of said judgment to be filed and docketed in the office of the clerk of the district court of Platte county, Nebraska; that on March 8, 1888, said Asher

24

owned the following described real estate, situate in said
Platte county, to-wit: The southwest quarter of the south-
east quarter of section 17, and the northwest quarter of the
northeast quarter of section 20, all in township 16 north
and range 2 west of the 6th principal meridian; that on
said 8th day of May, 1888, said Asher duly sold and con-
veyed said real estate to him, the said Benster; that on the
8th day of June, 1889, said Carley sold and assigned said
judgment to the said James H. Pope; that about March
4, 1890, said judgment was paid in full to Pope and that
he on said date entered a satisfaction and discharge of the
same in the office of the clerk of the district court of
Merrick county, Nebraska, (it seems that a duly certified
transcript of said judgment had also been filed in the office
of the clerk of the district court of Merrick county); that
Pope did not file in the office of the clerk of the district
court of Platte county any release and discharge of said
judgment; that on April 15, 1890, said Pope caused the
clerk of the district court of Platte county to issue an
execution on said transcripted judgment, and caused the
sheriff of said county to levy the same on the above de-
scribed real estate, then and there the property of said Ben-
ster, and caused said sheriff to appraise, advertise, and sell
said real estate at public auction to make and raise the
amount apparently due and unpaid on said transcripted
judgment; that the clerk of said court, in pursuance of the
instructions of said Pope, did issue such execution; that
the same was by the sheriff of Platte county levied upon
said lands; that they were duly appraised, advertised, and
sold and purchased by one McAllister; that the sale was
duly reported to the district court of said Platte county
and by said court confirmed, and in pursuance thereof a
deed of conveyance of said premises was executed by said
sheriff to the said McAllister; and the proceeds of said sale
paid to and received by said Pope; that at the time of the
sale of said real estate by said sheriff the said Benster re-

sided in Merrick county, Nebraska, and had no knowledge or notice whatever of the levy upon or sale of said premises until after such sale had been confirmed and a deed executed to McAllister in pursuance thereof. The prayer of the petition was for a judgment against Pope for $1,000 as damages. The answer of Pope to this petition, so far as the same need be noticed here, was a traverse or general denial of all the material allegations thereof. Benster had a verdict and judgment for $600, to reverse which Pope brings the case here for review. To reverse the judgment of the district court plaintiff in error argues in his brief here four points:

1. The first point is that instructions Nos. 7 and 9, given by the court to the jury on its own motion, were inconsistent and misleading. The assignment of error in the motion for a new trial and in the petition in error, as well as to these instructions, is: "The court erred in giving paragraphs 7, 8, 9, and 10 of the instructions given by the court on its own motion." Instruction number 8 complained of was as follows: "The jury are instructed that if from the evidence they believe that the defendant caused or procured an execution to be issued out of the district court of Platte county after the same had been by the defendant discharged upon the judgment record of the district court of Merrick county, and thereby satisfied or canceled, then such causing or procuring of said execution to be issued out of the district court of Platte county would be illegal and wrongful on the part of the defendant, and in that event he would be liable to the plaintiff for the value of the interest of the plaintiff in said lands." We are quite clear that the court did not err in giving this instruction; and since the assignment is that the court erred in giving all four of the instructions, we cannot consider this assignment of error any further.

2. The second assignment of error is that the court erred in rendering a judgment in favor of Benster for $600. No

such an error as this is assigned either in the motion for a new trial filed in the district court or in the petition in error filed here, and for that reason we cannot consider it.

3. The third alleged error argued is that the damages awarded Benster by the jury are excessive. The verdict of the jury was for $1,500, or $500 more than claimed by Benster in his petition; but the judgment rendered by the court in favor of Benster on the verdict is for $600 only. The evidence as to the value of the real estate was conflicting, many of the witnesses placing the value as high as $20 per acre, or $1,600, while others placed its value at $10 per acre, or $800. It appears also from the record that at the time the land was sold by the sheriff there was an incumbrance upon it of $900, so that the evidence would have supported a finding of the jury that the value of Benster's interest in the land at the time it was sold on execution by the sheriff was as much as $700. We cannot say, therefore, that the judgment of $600 rendered in favor of Benster is greater than the value of his interest in the real estate at the time it was sold by the sheriff.

4. The fourth argument relied upon by counsel is that the judgment pronounced is contrary to the law of the case. The argument made to support this contention is, that as the judgment owned by Pope against Asher had in fact been paid and discharged, that therefore the sale of the real estate made by the sheriff of Platte county, at the instance of Pope, was absolutely void, as a sale made under an execution issued upon a judgment which has in fact been paid is not voidable, but absolutely void. We do not question the correctness of counsel's position that the sale made of Benster's real estate by the sheriff of Platte county on the execution issued by the clerk of the district court thereof on the judgment which had been rendered against Asher, and which was owned by Pope, was void; but what we do say is, that such judgment having been paid to Pope, and, notwithstanding its payment, he having caused the clerk

of the district court of Platte county to issue an execution on the judgment, having caused the sheriff of that county to levy upon this real estate and sell it, having caused the sale made thereof to be confirmed and a deed executed to the purchaser thereof, and having received and converted to his own use the proceeds of such sale, he is now estopped from alleging as a defense to this action that the sale was void. It is true that this action is, in effect, one brought by Benster against Pope to recover damages of the latter because of his wrongful conversion to his own use of the real estate of the former. It is also true that we have been unable to find any case where real estate has been made the subject of a suit in the nature of conversion; but we know of no good reason why it cannot be. It is true that the rule of *caveat emptor* applies to one who purchases real estate at a judicial sale thereof; and that if real estate be sold upon an execution issued upon a judgment which has in fact been paid and satisfied, that such sale would be void as against the owner thereof, and the purchaser thereat would not be protected as against such owner. This is as true of a sale made of personal property as it is of one made of real estate. If one should purchase a horse and buggy sold under an execution issued on a judgment, which judgment had in fact been paid, such purchaser would acquire no title to said property as against the owner; but such owner would undoubtedly have the right to take the property itself, or to waive the taking of the property and the invalidity of the sale and sue the officer and the plaintiff in execution for a conversion thereof; and if he did sue for conversion, his action would have to be founded upon the fact that the judgment on which the execution was issued had been paid and satisfied and that the sale was therefore void. Why, then, should not one whose real estate has been levied upon and sold on a satisfied judgment have the same right to treat the sale as void, or voidable, and, at his election, recover the real estate sold, or sue the execution

creditor for the value of his interest in the real estate?
The judgment of the district court is

AFFIRMED.

POST, J., not sitting.