Tinsley v. Durfey.

## James M. Tinsley v. R. W. Durfey and J. W. Davidson.

1. REAL ESTATE AGENTS—*Equitable Liens for Commissions.*—Where the owner of real estate, owing a couple of real estate agents the sum of two thousand dollars for negotiating a trade between him and a purchaser, executed a contract which was recorded in the office of the recorder of deeds and by which he agreed to give them the exclusive

control of the sale of the land and to pay them out of the proceeds in the event of the sale, *it was held* that the contract gave the agents a lien upon such proceeds.

2. SAME—*When the Lien Attaches.*—The owner of real estate who owed a couple of agents for negotiating a sale of his land, had entered into a contract giving them the exclusive control of its sale and by which he agreed to pay them out of the proceeds, but reserved to himself the right to fix the price, which he afterward refused to do, and incumbered the title with mortgages; *it was held* that upon such action by him the debt became due and the lien attached.

3. CONTRACTS—*Where Equity Treats that as Done Which Ought to be Done.*—Where a contract for the sale of land between the owner and a couple of real estate agents provides that the owner shall fix its selling price, the law infers that he shall fix a reasonable price and that the sale shall be made within a reasonable time.

4. EQUITY PRACTICE—*Equitable Liens—Remedies at Law.*—The fact that an applicant for an equitable lien has a remedy in a court of law and could have maintained an action at law and an attachment in aid of it, is no answer to a bill to enforce an equitable lien.

5. EQUITABLE LIENS—*Recognized by Courts of Chancery.*—An equitable lien is one which a court of chancery recognizes as distinct from strictly legal rights, and is always open to enforce regardless of what rights the applicant may have in a court of law.

6. APPELLATE COURT PRACTICE—*When the Regularity of a Sale Can Not be Raised for the First Time in the Appellate Court.*—Where no motion is made in the court below to set aside a sale on the ground that the court erred in approving the master's report because it failed to show that the land was offered in separate parcels and was sold before the time within which the defendant was to pay the money as fixed by the terms of the decree had expired, or any objection raised to the master's report, the regularity of the sale can not be questioned in the Appellate Court.

**Bill to Enforce an Equitable Lien.**—Error to the Circuit Court of Vermilion County; the Hon. FERDINAND W. BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Mr. Presiding Justice HARKER, dissenting. Opinion filed June 10, 1901. Rehearing denied November 21, 1901.

**Statement.**—R. W. Durfey, a real estate agent at Canton, Miss., and J. W. Davidson, a real estate agent at Danville, Illinois, negotiated a deal between one John M. Hankey and James M. Tinsley whereby Hankey conveyed to Tinsley 120 acres of land, situated in Vermilion county, Illinois, for one-half interest in 2,200 acres of land situated in the State of Mississippi. Tinsley agreed to pay to Durfey and Davidson $2,000 for their services, and in accordance

Tinsley v. Durfey.

with such agreement, executed and delivered to them the following written contract:

" This contract, made this twentieth day of December, 1897, by and between J. M. Tinsley, of Canton, Miss., party of the first part, and R. W. Durfey, of Canton, Miss., and J. A. Davidson, of Danville, Illinois, parties of the second part, witnesseth, the party of the first part agrees to pay the party of the second part $2,000 when the following described lands are sold or transferred, viz., south half of northeast quarter and the southeast quarter of northwest quarter of section thirty-one (31), in township twenty (20) north, range eleven (11) west, 2nd P. M., one hundred and twenty acres, more or less, situated in county of Vermilion, State of Illinois, out of the money received in sale of said land, providing said land sells for $75 per acre or over, and it is hereby understood between the parties that if the said land is sold for less than $75 per acre, the second parties are to receive $1,500 out of the sale or transfer for their commission in a certain deal between the party of first part and John M. Hankey of Danville, Illinois. It is further understood between these parties and the first party does hereby agree to place the above described lands in the hands of the second parties for sale, and that he will give them the exclusive control of the sale of said lands at whatever price the first party may place thereon. It is further agreed that when any portion of the above described land is sold, either of the above sums then becomes due and payable, said which sum is dependent upon the price paid per acre for said portion.

Dated at Canton, Mississippi, this twentieth day of December, 1897.

J. M. Tinsley,
R. W. Durfey,
J. A. Davidson."

Indorsed on the back of the contract is the following:

"It is understood by parties herein named, who hold this land herein named, that in the event of a sale being consummated, the parties selling said land are to charge not more than $50, and no commission if the parties find a buyer themselves.

(Signed) R. W. Durfey,
J. A. Davidson."

The instrument was filed for record with the recorder of deeds for Vermilion county on the 12th day of January, 1898. Within a few weeks afterward, Tinsley incumbered the lands with two mortgages and refused to give Durfey and Davidson exclusive control of the sale of the land, or fix a price for their sale. Thereupon, Durfey and Davidson presented to the Circuit Court of Vermilion County a bill in equity, claiming a lien upon the lands to the extent of $2,000, and asking a foreclosure of the same. Upon a hearing, the Circuit Court found the issues for the complainants, declared a lien in their favor to the amount of $2,000, and decreed a sale of the premises unless that sum should be paid them within thirty days.

WM. A. YOUNG, attorney for plaintiff in error; WM. B. MORRIS, of counsel.

WINTER & REARICK, attorneys for defendants in error.

OPINION PER CURIAM.

The main question at issue in this case and the only one we shall discuss is whether an equitable lien existed in favor of the complainants. Upon the disputed question of facts, the testimony supports the findings of the master and the court.

Tinsley owed the complainants $2,000, for negotiating the trade between him and Hankey. Having failed to pay in cash and refusing to convey to Durfey so that he could hold the title to the land as security for the debt, as he had promised, he executed a contract by which he agreed to give them the exclusive control of the sale of the land and to pay them out of the proceeds of such sale. In the event of sale, unquestionably, the contract gave complainants a lien upon the proceeds. While it allowed Tinsley the right to fix the price, it contemplated, and the law inferred that he should fix a reasonable price and that the sale should be made within a reasonable time. Equity treats that as done which ought to be done, and as Tinsley had refused to fix a price and had incumbered the title with mortgages, it

follows as a logical sequence that complainants' debt became due and a lien on the land attached.

The form of the agreement which shall create a lien is not very material, for equity looks at the intent and purpose rather than at the form; and so it has been held that an agreement in writing, whereby the contracting party indicates an intention to make some particular property, or the fund arising from the sale of it, security for a debt or other obligation, creates an equitable lien upon the property so indicated. 3 Pomeroy's Equity, Secs. 1235, 1236; Near v. Donnelly, 80 Mich. 130.

An agreement that certain claims shall be paid out of certain property is held to be an equitable mortgage. Seymour v. Freer, 8 Wallace, 202; Wylie v. Coxe, 15 Howard 415; Ketchem v. St. Louis, 101 U. S. 306; Donald v. Hewitt, 33 Ala. 534; Pinch v. Anthony, 8 Allen (Mass.) 536.

It is vigorously argued that complainants have an adequate remedy at law, and can not, therefore, call to their aid a court of equity to enforce collection of the debt. The fact that they have a remedy in a court of law and could maintain an action of assumpsit and might proceed by attachment is no answer to an application to enforce an equitable lien. An equitable lien is one which a court of chancery recognizes as distinct from strictly legal rights, and is always open to enforce it, regardless of what right the applicant may have to proceedings in a court of law.

To the contention that the court erred in approving the master's report of sale because it fails to show that the land was offered in separate parcels, and because it was sold before the time within which the defendant was to pay the money, by the terms of the decree, had expired, it is only necessary to say that no motion to set aside the sale was made below, or any objection whatever raised to the master's report. The regularity of the sale is not properly before us; in fact, it does not appear from the abstract that any of the defects urged to the report exist. Decree affirmed.

HARKER, P. J., dissenting:

The foregoing opinion expresses the views of a majority of the court. As I am unable to concur with my associates as to the written contract creating an equitable lien upon the land in question, I dissent.