## McMahan *v.* Burns, Appellant.

*Principal and agent—Sale of land—Interest in land—Revocable agency— Consideration—Commissions—Time limit.*

The mere fact that an agent for the sale of land is given an unusually large commission on the sales amounting to more than one-half of the purchase money, does not of itself give the agent such an interest as to make the agency irrevocable.

A provision in an agreement of agency that it shall not be revoked for five years, cannot be sustained where there is no consideration for it independent of the compensation to be rendered for the service to be performed.

Argued Oct. 22, 1906. Appeal, No. 5, Oct. T., 1906, by defendant, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 1,279, granting injunction in case of Thomas McMahan and A. McMahan *v.* C. M. Burns and J. I. Martin, trading as Burns & Martin. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to restrain the defendants from attempting to sell any of the land of the complainants by reason of an alleged revocation of a contract of agency, and for an account.

From the record it appeared that the plaintiffs were owners of land in Rostraver township, Westmoreland county, Pennsylvania, containing about ninety-five acres, and that they entered into an agreement with the defendants that the latter should lay out the lands in lots, and sell the lots upon the terms therein named. The land was laid out in lots by defendants, and certain of the lots were sold. On May 16, 1903, a new agreement was entered into between the parties which superseded the old agreement. This agreement in substance provided that the sales theretofore made by the defendants in their own names should be ratified and confirmed by plaintiffs, and, second, that for the purpose of selling the remaining lots, as well as any others which should revert to the owners by forfeiture or otherwise, the defendants were made and constituted agents of the plaintiffs to make sales upon certain conditions, among which were, the purchase price of lots should not be less than $400 without the written consent of the parties of the first part, and that the sale should be made in a certain form. It was further provided that the defendants should receive a commission of ten per cent on the selling price of each lot, to be taken out of the first money collected on sales, the sale of each lot to be treated as a separate transaction, and in addition they were to receive five per cent on all moneys collected by them on each sale, and after deducting these commissions the balance of the purchase money should be applied first, to pay to the plaintiffs $80.00 on each lot, and the balance should be divided three-eighths to the plaintiffs and five-eighths to the defendants. The agreement further provides for leaving in the hands of the defendants a certain balance then due by them to the plaintiffs, amounting to some $3,000, to be applied to expenses to be thereafter incurred under the agreement, these expenses to be accounted for in each monthly statement, and that monthly statements should be furnished and monthly payments made ; and it was further provided that if purchase money mortgages were taken they should be assigned in the proportion of three-eighths to the plaintiffs and

five-eighths to the defendants, and that this agreement should continue in force for five years from January 10, 1902. Subsequently a dispute arose between the parties, and on July 13, 1904, plaintiff served upon the defendants a notice of revocation. Defendants disregarded the notice.

SHAFER, J., filed the following opinion :

1. The plaintiffs contend that they are justified in revoking the contract of the agency of the defendants, because (1) they claim that the fact that the defendants did not keep the money intrusted to them for the purpose of paying expenses, etc., in bank, but were using it for their own purposes appeared from the refusal of the payment of a check; and (2) that the relationship between the parties was that of principal and agent only, and that defendants have no interest in the subject-matter, and that, therefore, the agency was revocable at any time at the pleasure of the plaintiffs.

2. As to the alleged ground of revocation we think that if the agency was otherwise irrevocable, the reasons alleged would not be sufficient to justify a rescission of it.

3. The real question in the case is whether or not the contract between the parties gives the defendants any interest or estate in the land therein described, or, in other words, whether their power of sale was, or was not, coupled with an interest. Upon a careful examination of the contract between the parties we are unable to find anything in it which makes it different, in legal effect, from an ordinary employment of an agent to sell lands on commission. In the present case the commission is very large, being considerably more than one-half of the purchase money. We cannot see, however, that the amount of the compensation in any way affects the interpretation of the instrument. It has been held that an interest in the proceeds of sales as compensation for executing them is not such an interest as makes the agency irrevocable : Blackstone v. Buttermore, 53 Pa. 266.

The only other question contained in the agreement relied upon by the defendants is the provision that the agreement is to continue in force for five years. If this clause be looked upon as an agreement not to revoke for five years, we are of opinion that it is governed by the case of Blackstone v. But-

termore, 53 Pa. 266, where it is said that "in order to make an agreement for irrevocability contained in a power to transact business for the benefit of the principal binding on him, there must be a consideration for it independent of the compensation to be rendered for the service to be performed."

The fact that the defendants have been at considerable expense in laying out the lands of the plaintiffs in lots, advertising the same and endeavoring to sell the same, does not deprive the plaintiff of his power of withdrawing his lots from sale, or employing another agent for the purpose if he so desires, but does, of course, make the plaintiff liable to the defendants for all damages they may have sustained.

We are of opinion, therefore, that the agency of the defendants for the plaintiffs for the sale of their lands above mentioned was efficiently revoked on July 13, 1904, and that the defendants thereafter had no right to continue to attempt to make sales of the plaintiffs' land, or to collect purchase money owing to them under the agreement, but were bound to surrender the papers in their hands and to account in regard to the moneys already received by them. The plaintiffs are, therefore, entitled to a decree enjoining the defendants from making sale of any lots of the plaintiffs, from collecting or attempting to collect moneys due under contracts of sale heretofore made of such lands, and from pretending to act as agents of the plaintiffs under the agreements above mentioned, and for an account of the moneys paid out by the defendants for the plaintiffs since the making of the agreement, and that the defendants deliver to the plaintiffs all contracts entered into by them, whether in their own names or the names of the plaintiffs as agents for the plaintiffs for the sale of lots in the said plan, which are in their possession or control, and that the defendants pay the costs.

The court entered a decree in accordance with the opinion.

*Error assigned* was the decree of the court.

*W. H. S. Thomson,* with him *Frank Thomson,* for appellants. —Plaintiffs have no standing in equity : Manhattan Medicine Co. v. Wood, 108 U. S. 218 (2 Sup. Ct. Repr. 436) ; City of Chicago v. Wright, 69 Ill. 318 ; Kentucky Wagon Mfg. Co. v.

Ohio, etc., R. R. Co., 98 Ky. 152 (32 S. W. Repr. 595) ; Acheson v. Stevenson, 130 Pa. 633 ; Mints's App., 128 Pa. 163.

Plaintiffs are not entitled to a decree unless willing to award damages to defendants for their own admitted breach of contract : Clarke v. Tipping, 4 Beavan, 588 ; Clum v. Brewer, 5 Federal Cases, 2,910.

This contract is not a contract of agency, and not revocable at the will of plaintiff : Hunt v. Rousmanier, 21 U. S. 174 ; Smyth v. Craig, 3 W. & S. 14 ; Lightner's Appeal, 82 Pa. 301 ; Bancroft v. Ashhurst, 2 Grant, 513 ; Coffin v. Landis, 46 Pa. 426.

Though plaintiff may have legal power to revoke, he has not a legal right to revoke the contract of agency when entered into for a specified time : Hand v. Coal Company, 143 Pa. 408 ; Richardson v. Eagle Machine Works, 78 Ind. 422 ; Howard v. Daly, 61 N. Y. 362.

*S. S. Robertson*, for appellees.

Per Curiam, January 7, 1907 :

Decree affirmed on the opinion of the court below.