BECK et al, Appellants, v. HOWARD, Respondents.

(178 N. W. 579.)

(File No. 4679.   Opinion filed July 15, 1920.)

1.   Brokers—Exclusive Sale Agency—Revocation of Agency, Exclusive Agency as Affecting—Sale by Owner as Revocation.

Notwithstanding an exclusive agency for a specified period was given by a principal to sell his land, his power to revoke and terminate the agency is absolute; the exclusive agency being no bar to such revocation. Held, further, that a sale by the owner operates as a revocation of the broker's agency.

2. **Brokers—Revocation of Exclusive Agency, Owner's Liability, Measure of Damages Re.**

A revocation by a land owner of an exclusive agency for sale of land for a specified period, while within his power, does not change his liability arising out of broker's employment prior to revocation; and where broker had theretofor complied with his contract of employment, he may recover such commission or compensation as therein provided, regardless of the revocation. And where the contract is wrongfully terminated by revocation, broker may recover as damages the value of his services already rendered, together with any disbursements he has made in employer's behalf, and also such prospective profits as he can reasonably established would have been his but for the wrongful revocation.

3. **Brokers—Sale Agency Irrevocability Only When Coupled With Interest in Property—Commission, Right to, Effect Re Revocability.**

To render an agreement for irrevocability contained in a realty broker's contract, there must be a consideration for it independent of the compensation to be rendered for the service to be performed; and such authority is irrevocable only when coupled with an interest in the property itself; nor does broker's right to commission in case of sale effected render his authority coupled with an interest, so as to make it irrevocable.

4. **Broker's Listing Realty, As Merely Authority to Sell, Authority as Revocable—Owner's Prior Sale With Notice as Revocation— Broker's Right to Commission.**

Where under a written instrument, an owner's realty was listed with brokers for a specified period for sale, such authority merely authorized them to sell or find a purchaser, and was revocable at any time before they had fully executed the power; the owner's sale thereof, with notice to brokers would revoke an agency to sell which required them to sell by a binding contract, or to find and present a purchaser ready, able and willing to purchase the property; and such revocation before they had complied with the agreement, precludes their recovery of commissions.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by Ernest Beck and George Mokrejs, against W. S.

Howard, to recover a broker's commission upon sale of realty. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Affirmed.

G. M. Caster and A. B. Beck, for Appellants.

J. E. Tipton, for Respondent.

(1)  To point one of the opinion, Respondent cited: 1 Amer. & Eng. Enc. of Law, Page 1216.

(2)  To point two of the opinion, Appellant cited: Schoenmann v. White, 117 N. W. 851; 19 L. R. A. (N. S.) 599; 31 Cyc. 1300 ('Sub. II).

Respondent cited: 29 Am. Cas. P. 825, N; Andrews v. Haas 214 N. Y. 255, 108 N. E. 423, 3 A. L. R. 458.

(4)  To point four, Appellants cited: S. Bluthenthal & Co. v. Bridges, 24 L. R. A. (N. S.) 279; 120 S. W. 974; Blood v. Shannon, 29 Cal. 393; Schulz v. Griffin, 5 Misc. 499; 26 N. Y. Supp. 713.

Respondent cited: Schoenmann v. White 117 N. W. 851.

SMITH, J.  Plaintiffs were real estate dealers doing business at Geddes, Charles Mix county.  On August 19, 1919, they entered into a written agreement with defendant, Howard, which, so far as material to this appeal, is as follows:

"I hereby authorize Ernest Beck and George Mokrejs to sell or find a buyer for the following farm in the state of South Dakota, county of Charles Mix, No. acres, 250. * * * Who holds title? W. S. Howard.  Price, $150 per acre net to owner (unless I shall agree to less.) * * * It is further agreed by and between the undersigned that Ernest Beck and George Mokrejs shall have the exclusive sale of said land until October 1, 1919, on terms stated in this agreement."

On August 20th, the next day after the execution of this instrument, the defendant, Howard, himself, sold the farm to his son-in-law, Rayman, and on the same day notified plaintiffs of said sale.  At the time plaintiffs were notified of this sale they had talked with one Louis Mokrejs, who expressed a willingness to buy, but had not closed a deal for the land, and plaintiffs had not presented to defendant a purchaser. · On August 21st, by written contract strictly following the terms under which the land was listed, plaintiffs sold the land to Louis Mokrejs, who

was father of one of the plaintiffs, at the price of $160 per acre, and tendered said contract with the purchase money to defendant, who refused to sell the land or to accept the purchase money.

Plaintiffs brought this action, alleging full performance, on their part, of the terms and conditions of listing, claiming $10 per acre as commission and demanding judgment for $2,500. A jury was impaneled to try the issues. At the close of all the evidence, by agreement of parties in open court the case, so far as a general verdict was concerned, was withdrawn from the jury. The court, of its own motion, thereupon submitted to the jury three interrogatories, viz.:

"(1) Was the sale of the defendant, Mr. Howard to his son-in-law, Mr. Rayman, on the 20th of August, 1919, a good-faith sale in fact of this property to the son-in-law? Answer: Yes.

"(2) If your answer to the above question is, Yes, did Mr. Howard, the defendant, August 20, 1919, notify the plaintiff Mr. Mokrejs of the fact that he had sold the land to his son-in-law? Answer: Yes.

"(3) Was the contract of sale of August 21, 1919, of the plaintiffs to Mr. Mokrejs, the father of one of the plaintiffs in the case, a good-faith contract for the sale of this land at the rate of $160 per acre? Answer: No."

The court thereafter made and entered findings adopting the above special findings, and entered conclusions of law and judgment for defendant. From this judgment and an order overruling motion for a new trial, plaintiffs appeal.

Appellants do not challenge the sufficiency of the evidence to sustain the first two findings, their main contention being that such findings are immaterial, for the reason, as stated in appellants' brief, that—

"The appellants had the exclusive right to sell said real estate until October 1, 1919, and if they found a purchaser within that time, able, ready, and willing to purchase said real estate they were entitled to their commission. * * * "

[1] This statement implies a denial of the right of the principal to revoke the broker's authority whenever the exclusive right to sell within a specified time is given the broker by the

agreement of listing. In 4 R. C. L. 253, § 8, the rule is thus stated:

"As previously indicated, a broker's employment may be terminated by the principal revoking the authority granted at any time and under any circumstances the latter may see fit to put a stop to the agency. Although the employer has not an absolute right to revoke, in the sense that a revocation could never be wrongful or render him answerable in damages, still his power to revoke and thus terminate the broker's agency is absolute, notwithstanding that by the terms of their agreement the employment was to continue for a definite period of time, and the authority conferred was declared to be irrevocable. In order for a revocation of authority to be effective, notice thereof must be given the broker."

[2] A broker's agency is not reduced irrevocable by the fact that the agent's right to sell is made exclusive. Chambers v. Seay, 73 Ala. 372. As between the owner and the broker, and with respect to the rights and obligations arising between them by reason of such employment, the rule seems to be generally recognized that a sale by the owner operates as a revocation of the broker's agency. Wallace v. Figone, 107 Mo. App. 362, 81 S. W. 492; Ettinghoff v. Horowitz, 115 App. Div. 571, 100 N. Y. Supp. 1002; Rowan v. Hull, 55 W. Va. 335, 47 S. E. 92, 104 Am. St. Rep. 998, 2 Ann. Cas. 884. Such revocation, however, would in no manner change or affect any liability of the owner which had arisen out of such employment prior to the revocation, and where the broker had theretofore fully complied with the terms and conditions of his employment he would be entitled to recover such commission or compensation as therein provided, regardless of such revocation. Lewis v. Simpson, 122 Iowa, 663, 98 N. W. 508; Montgomery v. Ansler, 57 Tex. Civ. App. 216, 122 S. W. 307.

"Where the principal has entered into a binding contract to continue the employment for a certain length of time, he cannot revoke the broker's agency, unless it be for misconduct, without rendering himself liable for such damages as are the proximate result of his act. While the law recognizes his power to revoke the broker's authority even under such circumstances, it does not recognize his right to do so, for it results in a repudiation of his

contractual obligations. * * * Where the principal wrongfully terminates the contract of employment by revoking the broker's authority, the latter is entitled to recover as damages not only the value of such services as he has already rendered, together with such disbursements as he has made in his employer's behalf, but also such prospective profits as he can reasonably establish would have been his but for the wrongful revocation of his authority." 4 R. C. L. 254, 155, § 9.

And in McMahan v. Burns, 216 Pa. 448, 65 Atl. 806, it was held that—

"In order to make an agreement for irrevocability contained in a power to transact business for the benefit of the principal binding on him, there must be a consideration for it independent of the compensation to be rendered for the service to be performed."

[3] Such authority is irrevocable only when coupled with an interest in the property itself. Tinsley v. Durfey, 99 Ill. App. 239; 31 Cyc. 1043; Darrow v. St. George, 8 Colo. 592, 9 Pac. 791, and:

"A real estate broker's right to commission in case he effects a sale does not render his authority coupled with an interest, so as to make it irrevocable." Alexander v. Sherwood, 72 W. Va. 195, 77 S. E. 1027, 49 L. R. A. (N. S.) 985, note 997.

[4] The written instrument in this case, listing the property with plaintiffs, merely authorizes plaintiffs to sell or find a purchaser for the property, and was therefore revocable at any time before the plaintiffs had fully executed the power conferred. It is conceded that defendant had sold the property and thereby revoked such authority, and had given plaintiffs notice thereof, before plaintiffs had complied with the terms of the agreement, which required them to sell by a binding contract, or to find and present a purchaser ready, able, and willing to purchase the property. Under such circumstances, plaintiffs are not entitled to commissions. Charles E. Walters Co. v. H. W. Hahn, S. D. 178 N. W. 448; Laux v. Hogl, 45 Mont. 445, 123 Pac. 949; Helling v. Darby, 71 Kan. 107, 79 Pac. 1073; Ettinghoff v. Horowitz, supra. See, generally, 49 L. R. A. (N. S.) 985, monographic note.

The judgment and order of the trial court are affirmed.