CLYDE WALKER, LARRY C. ATKINSON, HAROLD BURGESS, BUCK EVANS, GILBERT W. EKLUND, JOSEPH FOX, DALE GRAEMES, CHESTER E. HUFFMAN, JULIUS ILCHIK, JR., M. O. INGLE, CALVIN J. LICHTENWALTER AND FRED KOEHLER, APPELLANTS, v. ROBERT W. SHRAKE, CHARLES L. MARTIN AND OLLIE MAE MARTIN, AND RAYMOND LATOUR, RESPONDENTS.

No. 4145

May 12, 1959                                    339 P.2d 124

*Robert E. Jones,* of Las Vegas, *Paul D. Laxalt,* of Carson City, and *Peter E. Giannini,* of Los Angeles, California, for Appellants.

*George E. Franklin, Jr.,* of Las Vegas, and *Guild, Busey & Guild,* of Reno, for Respondents Charles L. Martin and Ollie Mae Martin.

*Charles L. Garner,* of Las Vegas, for Respondent Raymond Latour.

# OPINION

By the Court, McNAMEE, J.:

Complaint was filed by appellants for partition of certain real estate. Thereafter all the parties stipulated that the action would be deemed an action for declaratory relief and amended pleadings were filed to accomplish such purpose.[1]

There is no dispute as to any of the facts; they are admitted as alleged in the amended complaint and the trial court made its findings in accordance therewith.

Respondent Shrake and others, pursuant to written contract, caused application to be made for the acquisition from the federal government of certain lands in which he was later under a stipulated judgment (dated May 18, 1955) in a separate action, awarded a 17½ percent interest as his share.

Before the date of said judgment he entered into the following separate transactions with the several appellants and respondents:

1. *Burgess:* Shrake assigned to Burgess 1 percent of his interest in the land to be acquired. This was written on the back of Shrake's note to Burgess dated April 14, 1950 for $1,800 plus interest. This instrument was never recorded.

2. *Martin and Martin:* Shrake by an acknowledged instrument in writing dated July 12, 1950 and recorded February 19, 1951 assigned to the Martins 5 percent of his interest in said land as security for his note to them of said date in the sum of $15,000.

3. *Latour:* Shrake by an acknowledged instrument in

---

[1]Counsel for the Martins, although served with a copy of the amended complaint, failed to file any pleading thereto.

writing dated August 3, 1953 and recorded September 28, 1953 assigned to Latour 25 percent of his interest in said land "in consideration of $10.00." This was not a mortgage but an actual sale.

4. *Koehler, Huffman, Graemes, Lichtenwalter, Eklund, Atkinson:* Shrake by acknowledged instruments in writing each dated October 13, 1953 and each recorded October 16, 1953 (except the Huffman instrument was recorded October 15, 1953) assigned to: Koehler $3,000 plus interest, Huffman $25,000, Graemes $7,000, Lichtenwalter $500, Eklund $4,350, Atkinson $3,600—of the moneys to become due him out of his share of said lands.

5. *Fox, Ilchik, Ingle:* Shrake by acknowledged instruments in writing each dated and recorded October 16, 1953 assigned to: Ingle $1,000, Fox $4,100 plus interest, Ilchik $1,600 of said moneys.

6. *Evans, Walker:* Shrake by acknowledged instruments in writing each dated January 31, 1955 and recorded February 2, 1955 assigned to: Evans $6,792.47, Walker $1,000 of said moneys.[2]

On March 3, 1955 the Martins, not having been paid, sued Shrake relative to the said assignment of July 12, 1950. Judgment of dismissal was entered on the ground that the assignment was in legal effect a mortgage and the only remedy for relief was foreclosure under NRS 40.430. Thereafter the Martins, still disregarding the provisions of NRS 40.430, filed a new action, being an ordinary complaint on the promissory note of July 12, 1950. No mention was made in the complaint that the note was secured by an assignment (mortgage) of equal date. The answer without alleging any defense merely denied the reasonableness of the prayed-for attorney fees. The case was submitted to the court on the pleadings, and the court entered judgment on January 6, 1956 for the amount of the note, interest, attorney fees, and costs which totaled $22,741.10.

On February 15, 1956 the Martins entered into a written contract with Shrake and William J. Moore

[2]Walker's instrument in addition to the $1,000 assignment assigned to Walker "2 percent of my right title or interest in and to [the said lands] whichever sum is greater."

under which Shrake with Moore as guarantor executed a promissory note for twice the amount of said judgment ($45,482.20) payable $22,741.10 on the 15th day of August 1956 and a like payment on the 15th day of February 1957 in consideration of the promise of Martins that they would not take out execution under said judgment and would file satisfaction of judgment. Although the said note for $45,482.20 was executed and delivered to the Martins, they failed to enter satisfaction of the said judgment for $22,741.10. It is the contention of the Martins that under this agreement they were not required to enter satisfaction of the judgment until the note of February 15, 1956 was paid in full. On the other hand the appellants contend that the Martins were obligated to enter satisfaction upon the execution and delivery of the said note. After the first payment due under the $45,482.20 note was not made, the Martins declared the whole amount due and on October 5, 1956 commenced action against Shrake and Moore on this note. This action is still pending.

On April 22, 1957 the Martins caused to be issued a writ of execution under said judgment of $22,741.10, a levy was made on all of Shrake's 17½ percent interest in and to the said lands obtained from the federal government and the Martins purchased this interest at the sheriff's sale for $24,840, the amount of their judgment, interest thereon, and costs of sale.

The appellants contend that the execution sale was invalid for the reason that it was based on a judgment that had been satisfied (in effect if not of record).

It is apparent to us and we so hold that the execution of the agreement of February 15, 1956 and the execution and delivery of the promissory note of $45,482.20 guaranteed by William J. Moore of even date, were simultaneous acts and were intended by the parties to and did substitute the new obligation for the judgment debt, thereby satisfying the judgment in fact if not of record. Williams v. Crusader Discount Corp., 75 Nev. 67, 334 P.2d 843. The fact that such was the intention

of the Martins is illustrated by their commencing action on the new obligation against Shrake and Moore some two months after the default in payment thereunder.

A sale under a judgment that has been satisfied is void and conveys no title even though the judgment has not been satisfied of record. Pope v. Benster, 42 Neb. 304, 60 N.W. 561, 47 Am.St.Rep. 703; Mayor and Council of City of Millen v. Clark, 193 Ga. 132, 17 S.E.2d 742.

"While in some jurisdictions, especially in the earlier decisions, the rule is laid down that a bonafide purchaser without notice will acquire a good title, even though the execution is paid off or the judgment satisfied before sale, where the satisfaction does not appear of record at the time of or before the sale, the doctrine of the more numerous and more recent decisions is that the satisfaction of the judgment prior to an execution sale will render such sale void, and the purchaser will take no title thereunder, even though he bought in good faith and without notice. In any event, no title passes if the purchaser had actual or constructive notice." 33 C.J.S., sec. 285, p. 568. Accord: 21 Am.Jur., Executions, sec. 505.

Some of those cases seeming to hold contrary have protected the purchaser for value without knowledge of the satisfaction of the judgment. The Martins of course would not come within such limitation of the rule.

Inasmuch as the Martin judgment was satisfied by novation as aforesaid and the judgment had been based on a note secured by a portion of Shrake's interest in the said lands, the obligation under the note became merged in the judgment, and the satisfaction of the judgment destroyed the security incidental to said obligation.

This being an action for declaratory relief, and all the parties who claim an interest in the said lands being parties hereto either as appellants or respondents, the

contention that only Shrake could contest the validity of the execution sale is without merit.[3]

We thus conclude that the Martins have no interest in the said lands, having lost their lien by novation and having acquired no interest through the void sale under execution.

We now come to a determination of the legal effect of the various assignments from Shrake to appellants, which according to the Martins is the sole issue involved in this appeal.

The appellants contend that the assignments were meant to create a charge against the said lands and with this contention respondents Shrake and Latour concur. The Martins' contention is to the contrary. Because we have determined that the Martins have no interest in the said lands, it would be unnecessary to determine this issue were it not for the fact that the appellants are entitled to a determination in this action of the nature and extent of their several interests.

At the times Shrake executed the various instruments to the appellants, he had only an equitable interest in the said lands. Assignments of a part of such interest or of the proceeds to result from a sale of the same as security for assignor's obligations created equitable liens against the land itself. McColgan v. Bank of California, 208 Cal. 329, 281 P. 381, 65 A.L.R. 1075; Tinsley v. Durfey, 99 Ill.App. 239, p. 242–3. All of the interested parties are in accord with this conclusion, and there is no reason to pursue the matter further. The nature and extent of the rights of appellants, and of respondents Latour and Shrake are therefore as hereinafter set forth.

*Latour* is the owner of 25 percent of Shrake's 17½ percent interest in said land free and clear of any claim of any of the parties hereto.

---

[3]Shrake did contest the validity of the execution sale in the lower court. Shrake, although a party to the proceedings, is not represented by counsel on this appeal.

As against the remaining 75 percent of Shrake's interest in said land, liens in favor of the appellants are determined as follows:

Huffman for the payment of $25,000.

Graemes for the payment of $7,000.

Lichtenwalter for the payment of $500.

Atkinson for the payment of $3,600.

Eklund for the payment of $4,350.

Koehler for the payment of $3,000 together with interest at 6 percent per annum from November 1946.

Ilchik for the payment of $1,600.

Ingle for the payment of $1,000.

Burgess for the payment of $1,800 together with interest at 6 percent per annum from April 14, 1950.

Fox for the payment of $4,100 together with interest at 6 percent per annum from January 5, 1950.

Evans for the payment of $6,792.47.

Walker for the payment of $1,000, or 2 percent of the sale price, whichever is greater.

Appellants in their oral arguments have asked that a decree of foreclosure be ordered as to the said 75 percent of Shrake's interest. The appellants in advancing their various amounts to Shrake assumed from Shrake's representations to them that the said lands would be sold within a reasonable time. A reasonable time having elapsed since the creation of appellants' liens, and there being a total failure of satisfaction thereof, we believe that a foreclosure as requested can properly be ordered herein under the general prayer of the amended complaint.

If upon the sale of said 75 percent of Shrake's interest the proceeds therefrom are insufficient to satisfy all of said liens, in the absence of an agreement among the appellants to prorate the proceeds, the priorities of each appellant shall be established as of the date of recordation of each particular instrument, with the rights of appellant Burgess to be inferior to those of the other appellants.

After satisfaction of the liens of all the appellants in full, respondent Shrake would be entitled to such proceeds as remain undistributed.

Insofar as the judgment below is inconsistent with the views herein expressed, the judgment is reversed, and the case is remanded to the lower court with instructions to enter a judgment pursuant to the determination herein, said judgment to include an order of foreclosure as aforesaid.

Costs to appellants and respondent Latour to be assessed against respondents Martins.

MERRILL, C. J., and BADT, J., concur.