GAYEL M. MAULDIN, APPELLANT, v. WAYNE G. MAULDIN, RESPONDENT.

No. 6685

June 7, 1972                                   497 P.2d 886

---

[2]Cf. Central Nat'l Bank & Trust Co. v. Simmer, 293 N.W. 460 (Iowa 1940).

*Charles E. Springer, Ltd.,* of Reno, for Appellant.

*Streeter, Sala & McAuliffe,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the Second Judicial District Court setting aside as void a sale of Respondent Wayne G. Mauldin's real property to Appellant Gayel M. Mauldin, which she had purchased under a writ of execution sale, on the ground that the judgment that was the predicate for the issuance of the writ had been fully satisfied.

Chronologically, the facts are as follows: Gayel obtained a divorce from Wayne on September 30, 1960. The decree ordered Wayne to pay to Gayel for the support of their two minor children the sum of $60 a month per child.

On June 15, 1964, Gayel obtained a judgment for child support arrearages against Wayne in the amount of $5,220 plus $350 attorney's fee. Wayne paid $2,850 on the judgment, leaving a balance due of $2,720. The partial satisfaction of the judgment was noted in the record below. On July 20, 1967, Gayel and Wayne signed an agreement before a notary public, pursuant to which Gayel accepted payment by check of a sum of money in full and final satisfaction for the remaining balance due under the judgment, noting thereon, "final payment."

The check was cashed, but the satisfaction of judgment was never entered in the case below.

Two and one-half years later, and without notice to Wayne, Gayel obtained a writ of execution issued to the Sheriff of Washoe County, directing him to levy upon and sell Wayne's real property, to satisfy the remaining balance of record then due on the judgment. The record below shows that the Sheriff filed his return to the writ of execution on January 13, 1970, wherein he stated that he had levied upon certain real property of Wayne's and had sold it at an execution sale on December 30, 1969, to Gayel for the sum of $1,000. When Wayne became aware of the sale to Gayel, he filed the present motion to set aside the sale, with his affidavit in support thereof, and attached copies of the parties' agreement of July 20, 1967, and the canceled check bearing Gayel's endorsement. Gayel filed an affidavit in opposition to Wayne's motion, wherein she did not deny the factual history of the case, but alleged without any specificity that she had been fraudulently induced by Wayne to sign the July 1967 agreement and cash the check.

Although Rule 11(e) of the Rules of Practice for the Second Judicial District Court provides that any party may request oral argument, "where the granting of a motion would dispose of the action on the merits, with prejudice, . . ." no such request was made in this instance, and the motion was submitted to the district judge for his decision. The district judge found that the judgment had in fact been satisfied and that the execution sale to Gayel was void. We affirm that ruling. In Walker v. Shrake, 75 Nev. 241, 247, 339 P.2d 124, 127 (1959), this court held:

"A sale under a judgment that has been satisfied is void and conveys no title even though the judgment has not been satisfied of record. Pope v. Benster, 42 Neb. 304, 60 N.W. 561, 47 Am.St.Rep. 703; Mayor and Council of City of Millen v. Clark, 193 Ga. 132, 17 S.E.2d 742."

This is particularly true where the purchaser has notice of the payment and the prior satisfaction of the judgment, as in the instant case. Walker v. Shrake, *supra.* See also 30 Am.Jur. 2d *Evidence* § 593 (1967).

Gayel has urged on appeal that she be afforded an opportunity to show that her agreement with Wayne was procured by fraud on his part. Yet nowhere in her affidavit does Gayel specify the basis for her conclusionary allegation of fraud, nor

has any such suggestion been submitted to date. We are uninformed as to what additional facts, if any, would be forthcoming by a new hearing. Therefore, under the factual posture of this case we conclude that the district judge ruled correctly, and we affirm his order setting aside the sale to Gayel.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.